IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Ron Von'D Debnam, | ) | C/A No.: 0:16-3424-TLW-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| CB&I and WECTEC Global Project Services, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter comes before the court on a review of the docket in this case that reveals no evidence of plaintiff having effected proper service on the defendants. The summons was issued on December 16, 2016, and it expired on March 16, 2017. On January 9, 2017, Plaintiff filed a Federal Express receipt indicating that a package sent from Holly Springs, NC was delivered to a recipient in Columbia, SC. [ECF No. 23]. The receipt provided no information about the name of the recipient, the address, or the contents of the package. *Id.* On April 3, 2017, the court issued an Order to Show Cause, placing Plaintiff on notice that unless good cause was shown to the court by April 17, 2017, for his failure to properly effect service of the summons and complaint on the defendants, that his action would be recommended for dismissal without prejudice. The court noted that proper service must be effected pursuant to Fed. R. Civ. P. 4. That rule provides that service must be served by someone who is "not a party." Fed. R. Civ. P. 4(c)(2). Further, the rule provides that service on a corporation must be served as follows:

(h) SERVING A CORPORATION, PARTNERSHIP, OR ASSOCIATION.

Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:

(1) in a judicial district of the United States:
(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
(B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant; or
(2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

Fed. R. Civ. P. 4(h).

Plaintiff's reply to the Order to Show Cause failed to demonstrate proper service. Plaintiff's reply contained a FedEx receipt of a package sent from Plaintiff Ross V. Debnam to "Ogletree, Deakins, Nash, ... P.C." ("Recipient") in Columbia, South Carolina. [ECF No. 26]. Plaintiff has failed to demonstrate that Recipient is "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process" of either of the defendants.

Plaintiff has previously been advised as follows:

Plaintiff is responsible for service of process under Rule 4 of the Federal Rules of Civil Procedure. Plaintiff's attention is directed to Rule 4(m) of the Federal Rules of Civil Procedure, which provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

[ECF No. 20].

Pursuant to Fed. R. Civ. P. 4(m), the court directs Plaintiff to properly serve defendants by May 15, 2017. Plaintiff's failure to properly serve and to demonstrate proper service of the summons and complaint on the defendants will result in a recommendation that this case be dismissed without prejudice.

IT IS SO ORDERED.

April 20, 2017
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge