UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Russ Von'D Debnam,<br><br>PLAINTIFF<br><br>v.<br><br>CB&I; and WECTEC Global Project Services,<br><br>DEFENDANTS | Case No. 0:16-cv-03424-TLW<br><br><br>**Order** |

Plaintiff Russ Von'D Debnam, proceeding pro se, filed this employment discrimination claim in October 2016 against Defendants CB&I and WECTEC Global Project Services.[1] ECF No. 1-1. In May 2017, Plaintiff informed the Court that Defendants had filed for bankruptcy in the Southern District of New York. ECF No. 29. In response, the magistrate judge stayed further proceedings pursuant to 11 U.S.C. § 362(a)(1) and directed Plaintiff to provide status updates every 90 days. ECF No. 30.

In August 2017, Plaintiff informed the Court that he had filed a claim in the bankruptcy case. ECF No. 36. He did not file any further status updates.

In April 2021, the magistrate judge ordered Plaintiff to show cause why the case should not be dismissed for failure to prosecute based on his failure to provide

---

[1] His initial complaint was filed in October 2016. ECF No. 1. After two proper form orders from the assigned magistrate judge, ECF Nos. 8, 12, he filed a revised complaint in December 2016 that the Clerk docketed as ECF No. 1-1.

1

status updates. ECF No. 37. He responded that he "was awarded" in the bankruptcy case for "wrongful termination," but that he "would love to continue" this case for "direct discrimination." ECF No. 39.

The magistrate judge then issued a Report and Recommendation (Report) recommending that the case be dismissed. The magistrate judge reviewed the docket in the bankruptcy case, determining that Plaintiff only filed one claim relating to this case and was ordered to be paid a total of $134,037.53 on his claim. The magistrate judge recommends dismissal of this case because all of Plaintiff's claims that were or could have been brought against Defendants were in the jurisdiction of the bankruptcy court and that his claims have now been resolved. ECF No. 40.

Plaintiff filed objections to the Report, stating only that his access to law libraries has been limited by COVID-19. ECF No. 42. This matter is now ripe for decision.

In reviewing the Report, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Hous. Auth. of City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in *Wallace*, the Court has reviewed, *de novo*, the Report and the objections. After careful review of the Report and the objections, for the reasons stated by the magistrate judge, the Report is **ACCEPTED**. Plaintiff filed a claim in the bankruptcy case regarding his allegations in this case and as he acknowledges, that claim was resolved in his favor, resulting in a payment to him of $134,037.53. Accordingly, his objections are **OVERRULED**. His Complaint is hereby **DISMISSED**.

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Terry L. Wooten
Senior United States District Judge

July 29, 2021
Columbia, South Carolina

3